IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL J. PHILLIPS § | | |
| Plaintiff § | | Civil Action No. _____ |
| § | | |
| VS. § | | |
| § | | PLAINTIFF DEMANDS A |
| LIBERTY MARITIME CORPORATION, § | | TRIAL BY JURY |
| Defendant. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MICHAEL J. PHILLIPS, hereinafter referred to as 'Plaintiff', complaining of LIBERTY MARITIME CORPORATION, hereinafter referred to as 'Defendant', and would respectfully show as follows:

### I.
### JURISDICTION

This is an action within the maritime jurisdiction of this Court. This claim is maintained under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of the United States.

### II.
### PARTIES

Plaintiff, MICHAEL J. PHILLIPS, is a resident of the Southern District of Texas. Plaintiff is an American seaman and brings this action pursuant to the terms of Section 1916, Title 28, United States Code without the prepayment of costs or the necessity of depositing security.

Defendant, LIBERTY MARITIME CORPORATION, is a foreign corporation doing substantial business in the Southern District of Texas. This Defendant does not have a registered agent for service of process in Texas, but it may be served with due process by serving the Secretary of State for the State of Texas. This Defendant's address is Liberty Maritime Corporation,

1

Attention: John Sheen, 1979 Marcus Avenue, Suite 200, Lake Success, New York 11042-1002.

## III.
## VENUE

Venue is proper in because both Defendant does substantial business in Southern District of Texas, and Plaintiff maintains residence in the Southern District of Texas.

## IV.
## FACTS

Plaintiff, MICHAEL J. PHILLIPS, would show that this lawsuit has become necessary as a result of personal injuries received on or about March 31, 2017.

On or about March 31, 2017, Plaintiff, MICHAEL J. PHILLIPS, sustained injuries during the course and scope of his employment as an able-bodied seaman for Defendant. At all material times hereto, Plaintiff was a Jones Act seaman employed by Defendant, LIBERTY MARITIME CORPORATION. At all material times, Plaintiff was employed in service of the M/V LIBERTY GRACE, a bulk carrier vessel, and Plaintiff was a member of said vessel's crew. At all material times, the M/V LIBERTY GRACE was owned, operated, and/or controlled by Defendant, LIBERTY MARITIME CORPORATION, and said vessel was in navigable waters. On or about March 31, 2017, employees and/or agents of Defendant negligently caused Plaintiff to sustain injuries while handling a load.

At the time of the occurrence, Plaintiff, MICHAEL J. PHILLIPS, was stationed on the vessel's deck while a crane was lifting a load. Plaintiff was ordered to assist in holding the load steady with the use of taglines. The vessel was not anchored, and the operation was taking place in adverse weather conditions. While holding onto the tagline, the Plaintiff was suddenly pulled forward, and he fell on the deck. As a result of the occurrence, Plaintiff sustained serious and debilitating injuries to his right arm, right elbow, right knee, and other parts of his body.

## V.
## FIRST CAUSE OF ACTION FOR NEGLIGENCE

On or about March 31, 2017, Defendant, LIBERTY MARITIME CORPORATION, was negligent, and said negligence was a proximate cause of Plaintiff's injuries. At all relevant times, it was feasible for Defendant to provide to Plaintiff, and Defendant owed to Plaintiff, duties of care to provide, inter alia, a safe place to work. Plaintiff further contends that on the occasion in question, Defendant, acting through its officers, agents, servants and/or employees, was careless and negligent in the following respects:

1. In failing to provide a safe work environment;

2. In failing to staff the vessel with sufficient crewmembers to safely perform the tasks at hand;

3. In failing to anchor the vessel before undertaking the task at hand;

4. In failing to account for the risks presented by performing this task in adverse weather conditions;

5. In failing to properly secure the load in question;

6. In failing to have safe policies and procedures in place for performing the task at hand; and,

7. Other acts of negligence as proven at time of trial.

On said date, and as a direct and proximate result of the negligent acts of Defendant, Plaintiff developed severe and debilitating injuries to his right arm and elbow, right knee, and other parts of his body. Said occurrence and said injuries or medical conditions occurred as a proximate result, in whole or in part, of the initial acts and/or negligence or lack of attention, on the part of Defendant, its agents, servants and/or employees, acting in the course and scope of their employment and agency.

VI.

<u>SECOND CAUSE OF ACTION FOR UNSEAWORTHINESS</u>

At all times material hereto, Defendant, LIBERTY MARITIME CORPORATION, owned, operated, and/or controlled the M/V LIBERTY GRACE. At all relevant times it was feasible for said Defendant to provide to Plaintiff, and said Defendant owed to Plaintiff, duties to provide, a vessel seaworthy in all respects, including but not limited to its hull, engines, apparel, appurtenances, equipment, furnishings, fixtures and complement. Defendant, LIBERTY MARITIME CORPORATION, breached said duty of care by failing to provide any and/or all of these particulars or others as may be disclosed upon discovery hereafter. On or about March 31, 2017, said Defendant was careless and negligent in breaching the above duties of care, and the vessel was unseaworthy in the following particulars:

1. The vessel had an incompetent master and/or crew;

2. The vessel was understaffed with respect to crewmembers;

3. The vessel's crane was inadequate to safely lift and handle the load in question;

4. The vessel lacked proper tools and equipment for performing the task at hand; and,

5. Other unseaworthy conditions as proven at time of trial.

Said breaches of duty proximately contributed, in whole or in part, to cause Plaintiff to suffer the hereinafter complained of injuries for which Defendant, LIBERTY MARITIME CORPORATION, is liable to Plaintiff in damages.

VII.
<u>THIRD CAUSE OF ACTION FOR MAINTENANCE AND CURE</u>

On or about March 31, 2017, and on other dates thereafter, and ever since, Defendant, LIBERTY MARITIME CORPORATION, has wrongfully failed and/or refused to provide maintenance and cure to Plaintiff in breach of duties said Defendant owes to Plaintiff. Plaintiff

further alleges that it was, and still is, the duty of said Defendant, as his employer, to furnish him with maintenance and cure and loss of wages.  Plaintiff further alleges that Defendant, LIBERTY MARITIME CORPORATION, has unreasonably, arbitrarily, willfully and capriciously refused to pay maintenance to him and such sums were due and owing.  Plaintiff further alleges that said Defendant has further unreasonably, arbitrarily, willfully and capriciously refused to provide him with prompt and adequate medical cure.  As a result of said Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of injuries, pain and suffering, and additional expenses.

Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, he has found it necessary to engage attorneys to represent him in the maintenance and cure action that he is entitled to and brings a suit for the reasonable attorney's fees incurred in the collection of the maintenance and cure benefits due to him.  Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, LIBERTY MARITIME CORPORATION, is liable to Plaintiff:

1.  Maintenance and Cure benefits accrued to date of trial and for a reasonable time in the future, as may be found necessary;

2.  Physical and emotional injury, pain and suffering;

3.  Prolongation and or aggravation of injuries;

    4.    Indebtedness for health care expenses;

    5.    Indebtedness for daily living expenses;

    6.    Prejudgment interest; and,

    7.    Attorneys' fees.

All said injuries and damages in an extent, not now precisely known in excess of $250,000.00.

## VIII.
## DAMAGES

As a direct and proximate result of the occurrence alleged, Plaintiff sustained severe and painful injuries to his body and mind, and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause great physical and emotional pain and suffering. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date. Plaintiff is informed, and believes, and alleges, that in all reasonable probability, some or all of said injuries will result in permanent damage, disability, and pain and suffering, causing general damages in an amount to be determined at trial. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum, to be determined at trial, far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

By reason of the foregoing premises and as a legal result thereof, Plaintiff has in the past and/or will in the future be caused to suffer the following described injuries and/or losses, for which Defendant, LIBERTY MARITIME CORPORATION, is liable to Plaintiff:

1. Reasonable and necessary medical expenses in the past and in the future;

2. Physical pain and suffering in the past and in the future;

3. Mental anguish in the past and in the future;

4. Loss of earning capacity in the past and in the future;

5. Physical disfigurement in the past and in the future; and,

6. Physical impairment in the past and in the future.

All said injuries and damages in an extent, not now precisely known, in excess of $1,000,000.00.

## IX.
## JURY DEMAND

Plaintiff demands a trial by jury and tenders any appropriate fee.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, MICHAEL J. PHILLIPS, prays that Defendant, LIBERTY MARITIME CORPORATION, be cited to appear and answer herein in a form and manner prescribed by law, and after jury trial of the merits of this cause, Plaintiff have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all such other and further relief, be it general or special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

SCHECHTER, MCELWEE, SHAFFER, & HARRIS, L.L.P.

*/s/Matthew D. Shaffer*
MATTHEW D. SHAFFER
TBA # 18085600
3200 Travis, Third Floor
Houston, Texas  77006
TEL:   (713) 524-3500
FAX:   (713) 751-0412
mshaffer@smslegal.com

ATTORNEYS FOR PLAINTIFF

PLAINTIFF DEMANDS A TRIAL BY JURY